## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **AMBER DRAYTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE** |
| ) | **NO. _____** |
| **v.** ) | |
| ) | |
| **METROPOLITAN ATLANTA RAPID** ) | |
| **TRANSIT AUTHORITY,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Amber Drayton ("Plaintiff" or "Ms. Drayton") files this for Equitable Relief and Damages against Defendant the Metropolitan Atlanta Rapid Transit Authority ("Defendant" or "MARTA") showing the Court as follows:

### INTRODUCTION

1. This civil rights action is brought pursuant to the Equal Pay act of 1963, 29 USC § 206 (d) ("EPA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff was subjected to discrimination based on gender in her compensation, conditions of employment, failure to promote, and retaliation. Plaintiff seeks injunctive and equitable relief, back pay and

compensatory damages, and liquidated damages to remedy these civil rights violations.

## PARTIES

2. Plaintiff Amber Drayton is a resident of Henry County, Georgia and submits herself to the jurisdiction of this Court.

3. Defendant MARTA is a local government authority in Fulton County, Georgia.

4. At the time of the events of which Plaintiff complains, Defendant MARTA conducted business, maintained facilities and derived substantial revenue in the State of Georgia and is subject to the jurisdiction and venue of this Court.

5. Pursuant to O.C.G.A. § 9-11-4(e)(5), MARTA may be served with process by serving a copy of the Complaint and Summons on Elizabeth O'Neill, Interim General Manager and Chief Executive Officer of MARTA, 2424 Piedmont Road, NE, Atlanta, Georgia 30324.

6. Ms. Drayton is a current employee of MARTA.

7. Ms. Drayton is an "employee" within the meaning of Title VII and the EPA.

8. MARTA is an "employer" as defined by Title VII and the EPA.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under Title VII, the EPA, and 28 U.S.C. § 1331 & § 1343(a)(4).

10. Venue is proper in this district and division under 28 U.S.C. § 1391 because MARTA conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

11. Ms. Drayton filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the occurrence of the acts of which she complains.

12. Ms. Drayton received a Notice of Right to Sue on September 22, 2017.

13. This civil action is filed in the appropriate federal district court within ninety (90) days of the receipt of Ms. Drayton's Notice of Right to Sue.

## STATEMENT OF FACTS

14. Ms. Drayton began employment with MARTA as a contract employee on February 5, 2005.

15. Ms. Drayton began a permanent employee of MARTA on May 15, 2006 as a Recruiting Technician.

16. Ms. Drayton was later promoted to Recruiting Technician II and then reclassified by MARTA to Recruiting Officer II in February 2017.

17. Angela McCray and Elaine Scott also held the position of Recruiting Technician II during the same time.

18. From 2007 until 2013, Plaintiff's manager assigned Ms. Drayton, Ms. McCray, and Ms. Scott duties virtually identical to those persons in the Recruiting Officer II position.

19. Ms. Drayton's manager expressed his intention of reclassifying her, Ms. McCray, and Ms. Scott as Recruiter II employees.

20. Ms. Drayton consistently performed full cycle recruiting for all levels of positions (entry level to professional level) over the course of her tenure as Recruiting Technician II.

21. Ms. Drayton recruited for such positions as Bus Operators and Department Administrators.

22. Because Ms. Drayton's manager left MARTA in 2013, she began reporting to a new manager, Acting Recruiting Manager, Roxanne Haddocks a/k/a Roxanne Antone, then to new Recruiting Manager, Linda P. Lee.

23. Ms. Drayton's duties remained virtually identical to those of a Recruiting Officer II under each of these managers.

24. At all times relevant hereto, all persons classified as Recruiting Officer II who were permanent full-time employees with benefits were male and all had higher pay than Ms. Drayton, Ms. McCray, and Ms. Scott.

25. In 2014, Ms. Drayton, Ms. Scott, and Ms. McCray filed charges of discrimination for unequal pay after MARTA hired a male (Lawrence Robinson) in January of 2014 as a Recruiter II to perform the same duties they performed and paid him approximately $20,000 more than them.

26. Linda Lee was aware that Plaintiff, Ms. McCray, and Ms. Drayton filed charges of discrimination.

27. After Ms. Lee learned of the charges of discrimination, she began treating Ms. McCray, Ms. Drayton, and Ms. Scott differently and retaliating against them, as did Senior Recruiting Officer Roxanne Haddocks who was also aware of their charges of discrimination and complaints about pay.

28. These acts of retaliation include, but are not limited to, additional scrutiny, disrespectful behavior, derogatory comments, refusing to grant interviews for jobs for which she was qualified, unwarranted write-ups, fluctuating assignments; and failing to train her for new tasks assigned to her, selecting males to attend events she had previously attended, changing Ms. Drayton's assignments which she found out about through emails with her and other employees, being

required to complete work diary forms, which are known in the Company as desk audits, failing to advise of new processes and additional requirements for specific positions to be filled, denying her opportunities for development she had previously had.

29. Mr. Robinson's last day of employment was August 21, 2015.

30. After Mr. Robinson left MARTA, Ms. Drayton, Ms. Scott, and Ms. McCray performed his duties.

31. In July 2015, a Recruiter II position was posted and Ms. Drayton applied for the Recruiting Officer II position.

32. Although Ms. Drayton was told that she was deemed qualified for consideration, she did not receive an interview.

33. Recruiting Manager Linda P. Lee, hired a less qualified male (Joshua Jackson) who did not meet the criteria for the position, and he began work on October 5, 2015.

34. Specifically, Mr. Jackson did not meet the posted qualifications for the Recruiter II position but Ms. Drayton did meet the qualifications.

35. Ms. Lee told Montressa Lane and Windy Lee there were too many females in the office and that Mr. Jackson was hired to bring balance.

36. Ms. Drayton's shared duties with the Recruiter II employees included, among others, creating recruiting action plans, creating job postings, posting on websites, received applications, screening resumes for qualifications, creating a matrix of applicants' qualifications, administration of necessary assessments, sending list of qualified candidates and resumes to hiring manager, scheduling interview questions, and attending interviews.

37. Despite performing the same job duties as Recruiter II employees, while Ms. Drayton was a Recruiter Technician II employee, MARTA paid her approximately $20,000 less than the Recruiter II employees.

38. In or around October 2015, Ms. Drayton, Ms. McCray, and Ms. Scott McCray, who filed EEOC complaints, were told to prepare for the arrival of Mr. Jackson.

39. When Ms. McCray asked why she was not hired for the Recruiting Officer II position, the Ms. Lee told her that MARTA was looking for someone with "more technical skills" and "who had energy and could hit the ground running."

40. Mr. Jackson was not qualified, did not have computer and technical skills as represented, and Ms. McCray had to train him and complete his work herself to ensure the job was done correctly and on time.

41. Ms. McCray was required to vacate her office for the male.

42. Ms. Drayton, Ms. McCray, and Ms. Scott were told to clean his office "good," take him on a tour of the facilities, and train him.

43. In or around October and November 2015, Ms. Drayton, Ms. McCray, and Ms. Scott had to perform Mr. Jackson's job duties while he attended orientation.

44. Ms. Drayton, Ms. McCray, and Ms. Scott were also assigned Quality Check duties which are typically functions reserved for Recruiting Officer II and Senior Recruiting Officer employees.

45. All Recruiter II employees were male from 2007 until February of 2017.

46. On or around February 18, 2017, MARTA reclassified Ms. Drayton, Ms. McCray, and Ms. Scott to Recruiting Officer II positions and granted them pay raises, which, upon information and belief, are still below the pay received by similarly situated males performing the same duties and functions.

47. The unlawful, discriminatory and retaliatory actions by MARTA and its agents and employees were done during and within the scope of their agency and employment with MARTA.

48. Because of MARTA's unlawful, discriminatory and retaliatory actions and practices, Ms. Drayton has suffered and continues to suffer severe emotional and resulting damages.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII

49.     Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

50.     Defendant MARTA's discrimination against Ms. Drayton because of her gender in pay, promotion, terms and conditions of employment and conduct violates the statutory provisions and protections of Title VII.

51.     As a direct and proximate result of MARTA's violations of Title VII, Ms. Drayton has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

52.     Ms. Drayton is threatened with further injury and loss for which she has no plain, adequate or speedy remedy at law.

53.     The Complaint seeks, in part, permanent injunctive relief because that is the only means for securing complete relief and ending the continuing irreparable injury resulting from MARTA's violations of civil rights laws.

54.     MARTA's acts and conduct constitute willful and intentional discrimination.

55.     MARTA engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Ms. Drayton's rights.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

56. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

57. Ms. Drayton engaged in a protected activity by challenging the unlawful practices of MARTA and its officers, employees, and agents.

58. MARTA retaliated against Ms. Drayton for challenging its unlawful actions in violation of Title VII.

59. As a direct and proximate result of MARTA's violations of Title VII, Ms. Drayton has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

60. MARTA engaged in retaliatory practices intentionally and/or with malice and/or with reckless indifference to Ms. Drayton's rights.

61. As a direct and proximate result of MARTA's violations of Title VII, Ms. Drayton has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

62. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

63. MARTA's actions have deprived Plaintiff Drayton of equal pay for equal work in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

64. MARTA discriminated against Ms. Drayton in unequal pay in violation of the EPA.

65. As a direct and proximate result of MARTA's actions, Ms. Drayton has suffered lost wages.

66. MARTA's actions in paying lower wages to Ms. Drayton, a female employee, than to males performing substantially similar or lesser work are willful.

67. Ms. Drayton has suffered damage, and is entitled to recover actual and liquidated damages against MARTA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Drayton respectfully invokes the powers of this Court and prays for the following:

a) That the Court grant trial by jury;

b) That the Court permanently enjoin MARTA from discriminating against Plaintiff Drayton on any basis forbidden by Title VII, the EPA;

c) That the Court issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination as provided by Title VII

and the EPA; and that the Court permanently enjoin MARTA from such conduct in the future;

d)   That Plaintiff have and recover from MARTA all amounts available under Title VII and the EPA, including but not limited to back pay, front pay, compensatory damages, liquidated damages, damages for mental anguish, benefits, and all other damages allowed by law;

e)   That Plaintiff have and recover from MARTA all amounts available under the EPA, including but not limited to, compensatory and consequential damages, making Plaintiff whole by providing back pay and reimbursement measured by the difference in the rate of pay received by Plaintiff and the rate of pay of male employees paid in violation of the EPA, and pursuant to 42 U.S.C. § 1981, and liquidated damages;

f)   That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

g)   That MARTA be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

h)   That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 21st day of November, 2017.

                                   LEGARE, ATTWOOD & WOLFE, LLC

                                   <u>s/ Cheryl B. Legare</u>
                                   Georgia Bar No. 038553
                                   cblegare@law-llc.com

400 Colony Square, Suite 1000
1201 Peachtree Street NE
Atlanta, GA  30361
Telephone: (470) 823-4000
 Facsimile: (470) 201-1212